# Exhibit A

·COPY·

SUM-100

## SUMMONS
### *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
United Parcel Service, Inc., an Ohio Corporation; Nick Kochek, an individual; and DOES 1 through 10, inclusive,

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California

JUN 2 2 2018

Sherri R. Carter, Executive Officer/Clerk
By: Cristina Grijalva, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Christopher Williams, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* LOS ANGELES<br>111 North Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER<br>*(Número del Caso):* BC 7 1 1 2 1 0 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kamran Shahabi, Esq., VALIANT LAW, 4150 Concours St., Suite 260, Ontario, CA - (909) 677-2270

| DATE: JUN 2 2 2018 | SHERRI R. CARTER | | |
|---|---|---|---|
| *(Fecha)* | Clerk, by CRISTINA GRIJALVA | , Deputy |
| | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* UNITED PARCEL SERVICE, INC., AN OHIO CORPORATION

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev July 1 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

COPY

Kamran Shahabi (SBN 276194)
ks@valiantlaw.com
**VALIANT LAW**
4150 Concours Street, Suite 260
Ontario, California 91764
Phone: 909 677 2270 ♦ Fax: 909 677 2290

Attorneys for Plaintiff Christopher Williams

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California

JUN 2 2 2018

Sherri R. Carter, Executive Officer/Clerk
By: Cristina Grijalva, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE

| | |
|---|---|
| CHRISTOPHER WILLIAMS, an individual, | Case No.  BC 7 1 1 2 1 0 |
| Plaintiff, | **PLAINTIFF'S COMPLAINT FOR:** |
| v. | 1. Race Discrimination in Violation of FEHA; |
| UNITED PARCEL SERVICE, INC., an Ohio Corporation; NICK KOCHEK, an individual; and DOES 1 through 10, inclusive, | 2. Hostile Work Environment – Harassment in Violation of FEHA;<br>3. Retaliation in Violation of FEHA;<br>4. Whistleblower Retaliation in Violation of Labor Code § 1102.5; |
| DEFENDANTS. | 5. Failure to Prevent Discrimination and Retaliation in Violation of FEHA;<br>6. Wrongful Termination in Violation of Public Policy;<br>7. Negligent Hiring, Retention and Supervision;<br>8. Aiding and Abetting in Violation of FEHA;<br>9. Intentional Infliction of Emotional Distress; and<br>10. Negligent Infliction of Emotional Distress. |
| | **[DEMAND FOR JURY TRIAL]** |

VALIANT LAW
4150 CONCOURS STREET, SUITE 260
ONTARIO CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

-1-
PLAINTIFF'S COMPLAINT

1    Plaintiff, CHRISTOPHER WILLIAMS, complains and alleges as follows:

2                          **JURISDICTION AND VENUE**

3        1.      This is an unlimited civil case and the Court has jurisdiction over this action because

4    the amount of controversy exceeds $25,000, exclusive of interest and costs.

5        2.      Jurisdiction and venue are also proper in this Court because all the claims alleged

6    herein arose in Los Angeles County and all the DEFENDANTS are doing or did business in Los

7    Angeles County, and/or their principal place of business is in Los Angeles County, in each case, at

8    the times relevant herein. *See also* California Code of Civil Procedure § 395(a), which provides

9    that venue is proper in this County because DEFENDANTS reside in this County and the harm to

10   Plaintiffs occurred in this County.

11                                  **PARTIES**

12       3.      Plaintiff Christopher Williams (hereinafter, "PLAINTIFF"), at all times relevant

13   hereto, was and is a resident of the State of California.

14       4.      PLAINTIFF is informed and believes, and thereon alleges, that Defendant United

15   Parcel Service, Inc. (hereinafter, "UPS"), is an Ohio corporation which does business throughout

16   the United States, including doing substantial business in the State of California, County of Los

17   Angeles, with its relevant business located at 1800 N. Main Street, Los Angeles, California 90031.

18       5.      PLAINTIFF was employed by UPS to perform work in the County of Los Angeles,

19   California during the applicable limitations period.

20       6.      PLAINTIFF is informed and believes, and thereon alleges, that Defendant, NICK

21   KOCHEK hereinafter, "KOCHEK"), is an individual residing in the State of California. Defendant

22   KOCHEK is a Manager of Defendant UPS, and in that capacity during all times alleged herein,

23   acted directly under the direction of UPS and all of his actions were approved and ratified by UPS.

24       7.      PLAINTIFF is informed and believes, and thereon alleges, that DOES 1 through 10,

25   inclusive, (hereinafter referred to as "DOES"), are or were individuals and/or are or were doing

26   business at all times herein mentioned and material hereto in the State of California, and are/were

27   the alter ego, agent, managing agent, principal, owner, partner, joint venture, representative,

28   manager, and/or co-conspirator of each of the other defendants, and were at all times mentioned

VALIANT LAW
4150 CONCOURS STREET, SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

1 | herein acting within the course and scope of said agency and employment, and that all acts or
2 | omissions alleged herein were duly committed with the ratification, knowledge, permission,
3 | encouragement, authorization and consent of each defendant designated herein.

4 |      8.    The true names and capacities, whether individual, corporate or associate, or
5 | otherwise, designated herein as DOES, are unknown to PLAINTIFF at this time, who, therefore,
6 | sue said DOES by such fictitious names and will ask leave of Court to amend this Complaint to
7 | show their true names and capacities when ascertained.

8 |      9.    PLAINTIFF is informed and believes and based thereon alleges that at all times
9 | material hereto, UPS, KOCHEK and DOES 1 through 10 (hereinafter collectively referred to as
10 | "DEFENDANTS") and each of them, were duly authorized agents, or servants, or representatives,
11 | or co-conspirators of the other, or the alter ego, or the principal, or the owner, or representatives,
12 | and were acting at all times within the course and scope of their agency or representative capacity
13 | with the knowledge and consent of the other.

14 |      10.    All of the acts and conduct herein and below described of each and every corporate
15 | Defendant was duly authorized, ordered by management-level employees of said corporate
16 | employers. In addition, thereto, said corporate employers participated in the aforementioned acts
17 | and conduct of their said employees, agents and representatives, and each of them; and upon
18 | completion of the aforesaid acts and conduct of said corporate employees, agents and
19 | representatives, the Defendant corporations, respectively and collectively, ratified, accepted the
20 | benefits of, condoned, lauded, acquiesced, authorized and otherwise approved of each and all of the
21 | said acts and conduct of the aforementioned corporate employees, agents and representatives.

22 | **EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS**

23 |      11.    PLAINTIFF exhausted his administrative remedies by timely filing a complaint for
24 | the issues required to be raised herein against UPS with the California Department of Fair
25 | Employment & Housing ("DFEH") and thereafter received a "Right to Sue" letter from the DFEH,
26 | **attached hereto as "Exhibit A."**

27

28

VALIANT LAW
4150 CONCOURS STREET, SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

## FACTUAL ALLEGATIONS

12.     UPS is a postal and logistics company located at 1800 N. Main Street, Los Angeles, California 90031 and was PLAINTIFF's legal employer.

13.     On or about September 10, 2001, PLAINTIFF was hired by UPS as a loader.

14.     In 2005, PLAINTIFF was promoted to a driver. PLAINTIFF successfully worked as a driver for approximately a year and half, until he was again promoted to a new position, road supervisor. PLAINTIFF continued his upward trajectory during his employment with UPS, and after nearly four and one-half years he was *again* promoted, this time to manager. At all relevant times, PLAINTIFF successfully and competently performed his duties as a manager for approximately another four to five years.

15.     PLAINTIFF is and all at relevant times was a well-qualified individual and employee for the various positions he held, and was at all relevant times a satisfactory employee, meeting or exceeding the demands of his position, as demonstrated by his numerous and consistent promotions.

16.     Beginning in or about 2016, UPS retained a new district team in the Southern California District. Immediately thereafter, UPS began to systematically discriminate against and terminate African-American employees in upper-level positions and replace them with non-African-American employees. The discriminatory scheme included, but was not limited to, replacing or demoting these and other African-American employees:

     a.  Replaced the African-American district manager with Tom Cuce – a non-African-American employee (Caucasian);

     b.  Replaced the African-American district human resources manager (Harvey Hill) with Don Tefft – a non-African-American employee (Caucasian);

     c.  Replaced the African-American division manager (Eric Decoude) with Tammy Brush – a non-African-American employee (Caucasian);

     d.  Replaced the African-American district manager (Derik Waters) with Lewis Tovlin – a non-African-American employee (White Hispanic);

     e.  Demoted the African-American division manager (Shon Swauncy) and replaced him with an African-American woman, who was then replaced by a non-African-

VALIANT LAW
4150 CONCOURS STREET, SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

1    American male employee (Caucasian) within a years' time.

2        17.    In or about this same time, UPS turned its discriminatory tactics and illegal actions

3    on PLAINTIFF.  Starting in or about July 2016, UPS instituted the same or similar scheme to

4    discriminate and retaliate against PLAINTIFF in order to create pre-textual excuses to eventually

5    (wrongfully) terminate him.

6        18.    Beginning in or about July 2016, PLAINTIFF became "acting division manager"

7    while he was filling-in for his immediate supervisor during her vacation/time-off.  While performing

8    his duties as acting division manager, UPS required PLAINTIFF to continue managing his center,

9    and at the same time manage the entire two buildings his supervisor was regularly responsible for.

10   During this time, PLAINTIFF successfully and competently navigated and performed the duties and

11   responsibilities of the dual roles he was expected to perform.

12       19.    In or about early August 2016, while performing his duties as acting division

13   manager, PLAINTIFF participated in a conference call with KOCHEK, UPS' District Operations

14   Manager.  During this call, KOCHEK employed abusive conduct and bullied, berated and

15   aggressively demeaned PLAINTIFF when he was unable to allegedly provide a "satisfactory"

16   response for an issue that was not under PLAINTIFF's control and never was under his control.

17   PLAINTIFF is informed and believes that KOCHEK directed his abusive conduct at PLAINTIFF

18   based on his race (African-American) and for personal gratification.  PLAINTIFF is further

19   informed and believes that KOCHEK was substantially encouraged to freely engage in abusive and

20   hostile conduct toward African-American employees, including PLAINTIFF, without fear of

21   adverse consequences because of the pattern and practice encouraged and or ratified by UPS.

22       20.    Approximately three weeks later, during a district manager(s) meeting, while

23   engaging in his general abusive conduct, KOCHEK berated PLAINTIFF yet again.  Examples of

24   KOCHEK's abusive conduct include, but are not limited to, remarks such as: "Hey Mainstreet!

25   ("Mainstreet" being the nickname for the building PLAINTIFF worked at) - do you guys still have

26   your heads up your ass?  How about I cut a hole in your stomach, so you can see where you're

27   going?"

28       21.    Egregiously, this was not an isolated incident between KOCHEK and PLAINTIFF.

VALIANT LAW
4150 CONCOURS STREET, SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909.677.2270 ◆ FAX 909.677.2290

-5-

1    In fact, between the years 2007-2009, PLAINTIFF was under the direct supervision and control of

2    KOCHEK. During this period, KOCHEK went out of his way to single out PLAINTIFF and subject

3    him to disparate treatment. The first time PLAINTIFF met KOCHEK, in or about 2007, KOCHEK

4    refused to even acknowledge PLAINTIFF. During this period, KOCHEK engaged in abusive

5    conduct directed at PLAINTIFF that included, but is not limited to, walking PLAINTIFF out onto

6    the "floor" and belittling him in front of other employees. Further, during teleconferences and

7    meetings, KOCHEK frequently: interrupted; yelled at; told PLAINTIFF he is stupid; told

8    PLAINTIFF he did not know what he was talking about; attacked PLAINTIFF's character;

9    subjected PLAINTIFF to strict scrutiny and went out of his way to make PLAINTIFF look

10   incompetent. KOCHEK's abusive and disparate treatment of PLAINTIFF got so bad that then

11   District Manager/Vice President, Noel Massie, had to step in during one of KOCHEK abusive rants

12   and stop KOCHEK.

13        22.    In or about 2016, following the "cut a hole in your stomach" comment, PLAINTIFF

14   made a verbal grievance against KOCHEK with Jose Banuelos ("Banuelos"), UPS' Human

15   Resources. After detailing his grievance to Banuelos, Banuelos responded that he had just received

16   another complaint against KOCHEK for the way he treats employees. PLAINTIFF is informed and

17   believes that UPS either never investigated his complaint or refused to take it seriously.

18        23.    PLAINTIFF is further informed and believes that UPS encourages and ratifies the

19   disparate and discriminatory conduct of its upper-level non-African-American employees through

20   its institution of racially discriminatory schemes, such as those alleged herein. Further, UPS was

21   on both actual and constructive notice of KOCHEK's abusive conduct, disparate and discriminatory

22   actions – based on complaints from both PLAINTIFF and numerous other employees – yet failed

23   to take any corrective action to prevent further disparate treatment.

24        24.    In fact, this is not the first time that an abused and discriminated against employee

25   has alleged illegal conduct against KOCHEK. In 2008, Jeff Belaire brought an employment lawsuit

26   against UPS based in part on KOCHEK's abusive conduct. Mr. Belaire was an employee for over

27   33 years but when he transferred to a new position as an operations center manager at the Southeast

28   California district, package operations manager, KOCHEK, began verbally and physically harassing

VALIANT LAW
4150 CONCOURS STREET, SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 • FAX 909 677 2290

1   him. (*Jeff Belaire v. United Parcel Service, Inc., Leroy Stampley, and Nick Kochek*, Orange County

2   Superior Court Case No. 30-2010-00400459-CU-WT-CJC.). The jury ultimately ruled in favor of

3   Mr. Belaire for an award of $1,419,030.

4        25.    Despite the numerous claims against UPS and KOCHEK, PLAINTIFF alleges on

5   information and belief that UPS acted and continues to act with a conscious disregard to the health

6   and wellbeing of its employees, including PLAINTIFF. As a direct result, non-African-American

7   upper-level employees, including KOCHEK, are essentially encouraged to engage in adverse and

8   discriminatory conduct without fear of adverse action against them.

9        26.    Moreover, UPS is littered with a culture of sexual harassment, innuendos and

10   inappropriate conduct – that yet again, goes completely ignored by UPS and its management. In or

11   about August 2016, PLAINTIFF and his colleagues went to lunch off-site at the Souplantation.

12   PLAINTIFF and his colleagues were seated at a table next to a table occupied by some detectives

13   or local police officers. When Maria (team-member) noticed the detectives she loudly stated, "They

14   can book me anytime!" and "I would like to sit on his nightstick!" PLAINTIFF was not shocked

15   by Maria's comments because she frequently engaged in uninvited and harassing sexual innuendos.

16   Further, sexual innuendos and sexual banter were and are common place throughout all UPS

17   facilities, including the downtown Los Angeles facility. So much so, that either employees such as

18   PLAINTIFF are forced to participate in such discussions, or they will be ousted, ostracized and

19   eventually terminated.

20        27.    In or about September 2016, PLAINTIFF went on vacation. After he returned,

21   PLAINTIFF learned that someone had lodged a fabricated complaint against him. When UPS

22   interviewed PLAINTIFF, UPS asked one-sided, self-serving and intentionally incriminating

23   questions to PLAINTIFF, such that no matter what PLAINTIFF said, he was made to look like he

24   was engaging in misconduct. PLAINTIFF is informed and believes that these questions were

25   designed to elicit incriminating responses in order to create pre-textual excuses for terminating him.

26   Such questions and exaggerated accusations included but were not limited to: accusing PLAINTIFF

27   of using profanity in the workplace; and accusing PLAINTIFF of gyrating on someone's leg.

28        28.    During the meeting, PLAINTIFF repeatedly requested that he be told what

VALIANT LAW
4150 CONCOURS STREET, SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

1   specifically he was being investigated for, but UPS refused to give him any details. Approximately
2   two weeks later and on or about September 27, 2016, UPS wrongfully terminated PLAINTIFF in
3   retaliation for complaining about disparate treatment and discriminatory practices. Further, UPS
4   never informed PLAINTIFF why they were terminating him. Adding insult to injury, PLAINTIFF
5   was further humiliated and discriminated against when UPS escorted him from the building like a
6   common criminal.

7        29.    Following his wrongful termination, PLAINTIFF has since learned that Maria
8   lodged a grievance against him for alleged sexual harassment. Because UPS refused to inform
9   PLAINTIFF of the facts of the grievance against him, he was not afforded any opportunity to defend
10  himself. Had UPS given PLAINTIFF the opportunity to defend himself, UPS would have learned
11  that Maria frequently engaged in and encouraged others to engage in sexual banter and sexual
12  innuendos with her. So much so that it was common knowledge that Maria was not offended by
13  sexual banter. Examples of Maria's sexually charged conduct included intentionally eating jelly
14  donuts in such a way that jelly would land on her lips and/or chin, so she could make sexual
15  innuendos that someone had "cum" on her face.

16       30.    Further, this kind of sexually charged conduct was not isolated to only Maria. It was
17  and is the culture that permeates UPS facilities. In fact, sexual banter is and was so commonplace
18  that all employees, especially those holding some of the highest supervisory positions, regularly and
19  freely engage in sexually charged discussions. During morning meetings, PLAINTIFF's immediate
20  supervisor frequently talked about and described the sexual intercourse he engaged in – yet just
21  another example of the permissive culture permeating UPS.

22       31.    PLAINTIFF strongly believes that UPS instituted a scheme to create a pre-textual
23  excuse to terminate him in retaliation for opposing and complaining of disparate and discriminatory
24  conduct. This is not only supported by the facts alleged herein, but also by the fact that when Shon
25  Swancy, African-American Division Manager, was demoted instead, it was in response to a sexual
26  harassment complaint made against him. As alleged below, the allegations surrounding Mr.
27  Swancy's sexual harassment claims and conduct were extreme and egregious, yet unlike
28  PLAINTIFF, Mr. Swancy was only demoted and not terminated.

VALIANT LAW
4150 CONCOURS STREET, SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 • FAX 909 677 2290

32.     In Mr. Swancy's case, an hourly employee, who worked in an entirely different city, accused him of sexual harassment in a blast e-mail to other UPS employees. This employee created an e-mail account and carbon copied (cc'd) the entire district plane unit, including all district managers and corporate human resources. The e-mail detailed her accusation against Mr. Swancy. Amazingly, UPS simply demoted Mr. Swancy instead of terminating his employment. Not so surprisingly though, and in keeping with its scheme to replace African-American upper-level employees, within a year of his demotion, UPS placed a non-African-American (Caucasian) employee in the supervisor position that Mr. Swancy held.

33.     Further, UPS regularly and actively protected its non-African-American employees, including Brandon Bean ("Bean"), a supervisor – and a well-known serial sexual harasser – from adverse action.   In Bean's case, PLAINTIFF was asked by Amber Enriquez, (non-African-American) supervisor, to informally address the sexual harassment Bean subjected her too. PLAINTIFF, understanding the severity of the situation, advised HR about Ms. Enriquez's complaint. Shockingly, although HR discovered the truth of Ms. Enriquez's complaints, they failed to terminate Bean or to take any substantive steps to protect her and other female employees from further sexual harassment by Bean.  Further, and as Bean himself admitted to PLAINTIFF, this was the *third* sexual harassment grievance lodged against him. PLAINTIFF is informed and believes taht Bean *is still employed* by UPS and, by and through UPS' inaction, is essentially encouraged to continue sexually harassing female employees (as he regularly does).

34.     Egregiously, despite being on actual and constructive notice of serial sexual harassers like Bean, PLAINTIFF is informed and believes that UPS continued and continues to this day to protect Bean and other non-African-American employees from termination even when the law and UPS' own policies are consistently and egregiously violated.

35.     Further, during the so-called "investigation" against PLAINTIFF, John Tefft a Caucasian HR manager ("Tefft"), audaciously professed that he implements a zero-tolerance policy against disparate treatment in the workplace. In response, PLAINTIFF defended himself by pointing out that if that were true then employees like Bean and Jack Bloomfield – both non-African-American supervisors who committed egregious violations – would have been terminated.

VALIANT LAW
4150 CONCOURS STREET, SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909.677.2270 ★ FAX 909.677.2280

1 Unsurprisingly, Tefft dismissively responded that he takes everything on a *case by case basis*. As
2 admitted in that response, Tefft, the district human resource manager responsible for enforcing
3 California work-place law and UPS' own anti-discrimination and harassment policies, clearly does
4 not enforce his "zero-tolerance policy" consistently, and instead utilizes a self-serving and pretextual
5 "case by case" standard that permits discrimination, retaliation and wrongful termination. Tefft and
6 UPS instead evaluate each claim to determine whether the harasser is non-African-American and
7 thereby "deserving" of special treatment and/or favoritism. African-American employees, including
8 PLAINTIFF, who engage in consensual (either actual or implied) sexual banter, are singled out,
9 discriminated and retaliated against.

10     36.     During his tenure with UPS, PLAINTIFF was an excellent employee. He came to
11 work every day ready to work and worked harder than many of the other employees in his same
12 position. PLAINTIFF regularly worked 14 to 16-hour days, and from the beginning was a successful
13 and dedicated employee – as evidenced by his several promotions.

14     37.     Shortly after UPS instituted its discriminatory scheme to terminate upper-level
15 African-American employees, UPS targeted PLAINTIFF – an upper-level African-American
16 employee – for termination.  UPS wasted no time in creating a pre-textual "investigation" to
17 wrongfully terminate PLAINTIFF to further its objective of replacing upper-level African-
18 American employees with non-African-American employees.  Upon terminating PLAINTIFF, UPS
19 placed Uriel Moreno (a non-African-American) into PLAINTIFF's position – just further
20 evidencing UPS' discriminatory scheme as alleged herein.

21     38.     PLAINTIFF is informed and strongly believes that during the litigation of his claims
22 he will uncover additional evidence supporting his allegations against UPS, given the number of
23 claims against UPS and the other pending or adjudicated lawsuits.  Further, it will likewise be
24 discovered that other current and former employees have experienced the same or similar
25 discrimination, retaliation and abusive conduct by UPS managers, including KOCHEK.

26     39.     PLAINTIFF has suffered financially and emotionally as a result of UPS' multiple
27 forms of harassment, hostile work environment, retaliation, wrongful termination and various
28 wage and hour violations.

VALIANT LAW
4150 CONCOURS STREET, SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909.677.2270 ♦ FAX 909.677.2290

40.     PLAINTIFF now commences this suit against DEFENDANTS, and each of them, and allege the following:

### FIRST CAUSE OF ACTION

**Race Discrimination in Violation of FEHA**

**(As to UPS)**

41.     PLAINTIFF incorporates by reference, repeats and realleges, all preceding and subsequent paragraphs.

42.     The conduct alleged herein and ultimate termination of employment of PLAINTIFF was based on his race (African-American) and was part of an ongoing and continuing pattern of conduct in violation of *California Government Code* §§ 12926(o) and 12940(a) and (h). Government Code § 12940(a) of FEHA makes it unlawful to for an employer to discriminate against an employee on the basis of the employee's race. Government Code § 12940(h) of FEHA makes it unlawful to for an employer to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part. At all times herein mentioned, the FEHA (Cal. Gov't. Code § 12900 et seq.) and its implementing regulations were in full force and effect and binding on UPS.

43.     PLAINTIFF was an employee of UPS. Further, as alleged above, UPS knew or perceived PLAINTIFF to be African-American.

44.     UPS terminated his employment on or about September 27, 2016.

45.     UPS violated *California Government Code* § 12940(a) and (h) of FEHA by discriminating against PLAINTIFF on the basis of his race. Specifically, PLAINTIFF suffered a series of adverse employment actions which were motivated by his race. The adverse employment actions against PLAINTIFF include but are not limited to the following: (a) subjecting PLAINTIFF to a pattern of discrimination and harassment; (b) subjecting PLAINTIFF to different workplace standards; (c) subjecting PLAINTIFF to unwarranted criticism of his work performance; and (d) terminating PLAINTIFF's employment. PLAINTIFF's race (African-American) was a motivating factor in DEFENDANTS' decision to terminate PLAINTIFF's employment in violation of *California Government Code* § 12940(a) and (h).

VALIANT LAW
4150 CONCOURS STREET, SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 • FAX 909 677 2290

46.     UPS' acts were malicious, oppressive or discriminatory with intent to vex, injure, annoy, humiliate and torment PLAINTIFF, in conscious disregard of the rights or safety of PLAINTIFF, and in furtherance of UPS' ratification of the wrongful conduct of the representatives and/or agents of DEFENDANTS.

47.     At all relevant time periods UPS failed to make an adequate response and investigation into the conduct of UPS' supervisors, including KOCHEK, employees, and the aforesaid pattern and practice of discrimination, and thereby established a policy, custom, practice or usage within the organization of UPS which condoned, encouraged, tolerated, sanctioned, ratified, approved of, and/or acquiesced in unlawful sexual orientation discrimination towards employees of UPS including, but not limited to, PLAINTIFF.

48.     At all relevant time periods, there existed within the organization of UPS a pattern and practice of conduct by its personnel which resulted in sexual orientation discrimination, including but not necessarily limited to, conduct directed at PLAINTIFF.

49.     The failure of UPS to provide any or adequate education, training, and information to personnel concerning policies and practices regarding sexual orientation discrimination, constituted deliberate indifference to the rights of employees, including but not limited to those of PLAINTIFF.

50.     As a result of UPS' disparate treatment of PLAINTIFF because he is a member of a protected class, PLAINTIFF was harmed.

51.     As a proximate result of UPS' race discrimination, beratement and retaliation, PLAINTIFF has sustained and continues to sustain losses in earnings and other employment benefits.

52.     As a proximate result of DEFENDANTS' race discrimination, beratement and retaliation, PLAINTIFF has sustained and continues to suffer emotional distress, mental and physical pain, anguish, pain and suffering, loss of sleep, loss of appetite, anxiety, depression and shame.

53.     DEFENDANTS' harassment, discrimination, beratement and retaliation of PLAINTIFF because of his race were substantial factors in causing PLAINTIFF's harm.

VALIANT LAW
4150 CONCOURS STREET, SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

1      54.    PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees.

2   PLAINTIFF will seek the recovery of his attorneys' fees and costs at the conclusion of this lawsuit.

3                       **SECOND CAUSE OF ACTION**

4            **Hostile Work Environment – Harassment in Violation of FEHA**

5                    **(As to All DEFENDANTS)**

6      55.    PLAINTIFF incorporates by reference, repeats and realleges, all preceding and

7   subsequent paragraphs.

8      56.    The conduct of DEFENDANTS, and each of them, created a hostile work

9   environment for PLAINTIFF, making the conditions of his employment intolerable in direct

10   contravention of various statutes and state law decisions, including but not limited to *California*

11   *Government Code* section 12940(j). Plaintiff was subjected to a hostile work environment including

12   but not limited to, racial harassment and retaliation for opposing and protesting racial harassment.

13      57.    The conduct of DEFENDANTS, and each of them, created a hostile work

14   environment for PLAINTIFF, making the conditions of his employment intolerable in direct

15   contravention of various statutes and state law decisions, including but not limited to *California*

16   *Government Code* section 12940(j). Plaintiff was subjected to a hostile work environment including

17   but not limited to, race harassment and retaliation for opposing and protesting race harassment.

18      58.    The racial harassing conduct by DEFENDANTS, including UPS' employees,

19   supervisors, principals and agents included, but was not limited to, subjecting PLAINTIFF to

20   inexcusable harassment – instigated and led by and through KOCHEK.

21      59.    The racially charged harassing conduct by DEFENDANTS, and UPS' employees,

22   supervisors, principals and agents included, but was not limited to, subjecting PLAINTIFF to

23   inexcusable harassment.

24      60.    PLAINTIFF opposed and protested each incident of racial harassment. PLAINTIFF

25   alleges on information and belief that his complaints were never investigated, and his protests were

26   never taken seriously or completely ignored. Further, by failing to act, DEFENDANTS substantially

27   encouraged each offender to continue the harassing conduct without fear of any adverse or

28   corrective action taken.

VALIANT LAW
4150 CONCOURS STREET, SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 • FAX 909 677 2290

61.     DEFENDANTS had a duty to take all complaints of race harassment seriously by refusing to investigate DEFENDANTS substantially encouraged a work environment hostile and ratified the racially charged harassing conduct of DEFENDANTS employees.

62.     Such harassment was so severe and pervasive that it altered the conditions of PLAINTIFF's employment, creating a hostile work environment and thereby endangering PLAINTIFF's physical health and making his working conditions intolerable.

63.     As a result of DEFENDANTS' disparate treatment of PLAINTIFF because he is an African-American, PLAINTIFF was harmed.

64.     As a proximate result of DEFENDANTS' harassment, beratement and retaliation, PLAINTIFF has sustained and continues to sustain losses in earnings and other employment benefits.

65.     As a proximate result of DEFENDANTS' harassment, beratement and retaliation, PLAINTIFF has sustained and continues to suffer emotional distress, mental and physical pain, anguish, pain and suffering, loss of sleep, loss of appetite, anxiety, depression and shame.

66.     DEFENDANTS' harassment, beratement and retaliation of PLAINTIFF because he is African-American were substantial factors in causing PLAINTIFF's harm.

67.     In light of the willful, knowing, and intentional harassment, discrimination and retaliation by DEFENDANTS, PLAINTIFF seeks an award of punitive and exemplary damages in an amount according to proof at trial.

68.     PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees. PLAINTIFF will seek the recovery of his attorneys' fees and costs at the conclusion of this lawsuit.

## THIRD CAUSE OF ACTION

### Retaliation in Violation of FEHA

### (As to UPS)

69.     PLAINTIFF incorporates by reference, repeats and realleges, all preceding and subsequent paragraphs.

70.     PLAINTIFF complained to UPS, his superiors and upper management, concerning the harassment, discrimination and hostility he was experiencing.

1    71.    PLAINTIFF also complained to UPS, his superiors and upper management,
2  concerning the verbal abuse he received by KOCHEK and others while working at UPS.

3    72.    PLAINTIFF also complained to UPS, his superiors and upper management,
4  concerning the illegal and retaliatory nature of UPS' actions and decisions to terminate employees
5  such as PLAINTIFF based on pre-textual and wholly fabricated allegations that demeaned, damaged
6  and destroyed PLAINTIFF's character and reputation.

7    73.    PLAINTIFF engaged in a protected activity when he complained about the foregoing
8  to DEFENDANTS.

9    74.    In response thereto, UPS retaliated against PLAINTIFF in numerous ways including,
10  subjecting PLAINTIFF to strict scrutiny in the workplace, allowing further harassment and hostility
11  against him and ultimately terminating his employment.

12    75.    All of the conduct alleged herein and ultimate termination of employment of
13  PLAINTIFF was based on his race (African-American) and was part of an ongoing and continuing
14  pattern of conduct in violation of *California Government Code* §§ 12926(o) and (s) and 12940(h).
15  Government Code § 12940(h) of FEHA makes it unlawful to for an employer to discharge, expel,
16  or otherwise discriminate against any person because the person has opposed any practices
17  forbidden under this part. At all times herein mentioned, the FEHA (Cal. Gov't. Code § 12900 et
18  seq.) and its implementing regulations were in full force and effect and binding on the
19  DEFENDANTS.

20    76.    By engaging in the foregoing acts and omissions, DEFENDANTS retaliated against
21  PLAINTIFF because he participated in protected activities in violation of Government Code §§
22  12940 et seq.

23    77.    PLAINTIFF's engagement in this protected activity, namely complaining about
24  DEFENDANTS' several unlawful employment practices, were motivating reasons for
25  DEFENDANTS to retaliate against PLAINTIFF.

26    78.    As a proximate result of UPS' wrongful conduct, PLAINTIFF has sustained and
27  continues to sustain losses in earnings and other employment benefits.

28    79.    As a proximate result of UPS' wrongful conduct, PLAINTIFF has suffered and

VALIANT LAW
4150 CONCOURS STREET, SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

1  continues to suffer emotional distress, mental and physical pain, anguish, pain and suffering, loss of

2  sleep, loss of appetite, anxiety, migraines, depression and shame.

3       80.    UPS' retaliatory conduct was a substantial factor in causing PLAINTIFF's harm.

4       81.    In light of the willful, knowing, and intentional discrimination and retaliation by

5  UPS, PLAINTIFF seeks an award of punitive and exemplary damages in an amount according to

6  proof at trial.

7       82.    PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees.

8  PLAINTIFF will seek the recovery of his attorneys' fees and costs at the conclusion of this lawsuit.

9                          **FOURTH CAUSE OF ACTION**

10              **Whistleblower Retaliation in Violation of Labor Code § 1102.5**

11                                  **(As to UPS)**

12       83.    PLAINTIFF incorporates by reference, repeats, and realleges all preceding and

13  subsequent paragraphs.

14       84.    At all times herein mentioned, Labor Code § 1102.5 was in full force and effect to

15  promote a "broad public policy interest in encouraging workplace whistleblowers to report unlawful

16  acts without fearing retaliation." See *Green v. Ralee Engineering Co.*, 19 Cal. 4th 66, 77 (Cal. 1998).

17  Specifically, Labor Code § 1102.5(b) prohibits an employer from retaliating against an employee

18  for disclosing information "to a person with authority over the employee or another employee" who

19  has "authority to investigate, discover, or correct" an employer for violating or failing to comply

20  with a "local, state, or federal rule or regulation...."

21       85.    Toward the end of his employment, PLAINTIFF was placed in a "managerial" role

22  with UPS, responsible for supervising numerous employees. By investigating grievances of illegal

23  conduct disclosed by other employees against management including Defendant KOCHEK,

24  PLAINTIFF was responsible for disclosing information to "to a person with authority over the

25  employee or another employee" according to Labor Code §1102.5(b) regarding the illegal conduct

26  permeating UPS.

27       86.    By engaging in the above-referenced acts and omissions, UPS retaliated against

28  PLAINTIFF because he was responsible for disclosing information "to a person with authority over

VALIANT LAW
4150 CONCOURS STREET, SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

1 | the employee or another employee" in violation of Labor Code § 1102.5(b).

2 |     87.    Furthermore, UPS' retaliatory efforts were intentional and meant to subject
3 | PLAINTIFF to cruel and unjust hardship in conscious disregard of PLAINTIFF's rights by creating
4 | an unbearably hostile and harassing work environment to force PLAINTIFF to resign or set up
5 | PLAINTIFF for a pretextual wrongful termination based on his "managerial" role with UPS.

6 |     88.    In light of the willful and malicious, fraudulent, and/or oppressive acts of UPS,
7 | PLAINTIFF seeks an award of punitive and exemplary damages in an amount according to proof at
8 | trial.

9 |     89.    As a direct and proximate result of UPS' conduct, PLAINTIFF was caused to suffer,
10 | and continues to suffer from, loss of wages, humiliation, anxiety, severe emotional distress, special
11 | damages, and general damages according to proof at the time of trial.

12 |     90.    Furthermore, PLAINTIFF has incurred and continues to incur legal expenses and
13 | attorneys' fees. PLAINTIFF will seek to recover his attorneys' fees and costs at the conclusion of
14 | this lawsuit.

15 | **FIFTH CAUSE OF ACTION**

16 | **Failure to Prevent Discrimination and Retaliation in Violation of FEHA**

17 | **(As to UPS)**

18 |     91.    PLAINTIFF incorporates by reference, repeats and realleges, all preceding and
19 | subsequent paragraphs.

20 |     92.    All of the conduct alleged herein and ultimate termination of employment of
21 | PLAINTIFF was based on his race (African-American) and was part of an ongoing and continuing
22 | pattern of conduct in violation of *California Government Code* §§ 12926(o) and 12940 (k).
23 | California Government Code § 12940(k) makes it an unlawful employment practice for an employer
24 | to "fail to take all reasonable steps to prevent discrimination and harassment from occurring."   At
25 | all times herein mentioned, the FEHA (Cal. Gov't. Code § 12900 et seq.) and its implementing
26 | regulations were in full force and effect and binding on the DEFENDANTS.

27 |     93.    While UPS purports to have a harassment and discrimination policy, in practice, UPS
28 | provided no such policy for PLAINTIFF's benefit. When PLAINTIFF made complaints of

VALIANT LAW
4150 CONCOURS STREET, SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

1  harassment and discrimination against UPS' employee, UPS failed to conduct a prompt and
2  effective investigation of that complaint and failed to take prompt and effective remedial action.
3  Moreover, UPS made it a practice to treat PLAINTIFF differently based on his race.

4      94.    As a proximate result of the conduct of DEFENDANTS, PLAINTIFF has suffered
5  and will continue to suffer damages in terms of lost wages, lost benefits, and other pecuniary loss
6  according to proof. PLAINTIFF has also suffered and will continue to suffer physical and emotional
7  injuries, including humiliation, depression, anguish, embarrassment, discomfort and anxiety. In light
8  of the willful, knowing, and intentional discrimination, PLAINTIFF seeks an award of punitive and
9  exemplary damages in an amount according to proof at trial.

10     95.    A reasonable person in PLAINTIFF's position would have considered the work
11 environment to be harassing, hostile or abusive.

12     96.    PLAINTIFF was severely harmed by the hostile or abusive environment created by
13 UPS.

14     97.    In committing the foregoing acts, UPS have been guilty of oppression, fraud, or
15 malice under California Civil Code Section 3294, thereby entitling PLAINTIFF to punitive damages
16 in a sum appropriate to punish and make an example out of UPS.

17     98.    The acts of oppression, fraud, or malice were engaged in by employees of UPS. UPS
18 had advance knowledge of the unfitness of each employee which acted with malice, oppression, or
19 fraud and employed him or her with a conscious disregard of the rights or safety of PLAINTIFF,
20 and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought,
21 and/or was personally guilty of oppression, fraud, or malice. The advance knowledge and conscious
22 disregard, authorization, ratification, or act of oppression, fraud, or malice was committed by or on
23 the part of an officer, director, or managing agent of each of the UPS, thereby entitling PLAINTIFF
24 to punitive and exemplary damages against UPS in accordance with California Civil Code § 3294
25 in a sum appropriate to punish and make an example of UPS.

26     99.    PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees.
27 PLAINTIFF will seek the recovery of his attorneys' fees and costs at the conclusion of this lawsuit.

28

VALIANT LAW
4150 CONCOURS STREET, SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

-18-
PLAINTIFF'S COMPLAINT

VALIANT LAW
4150 CONCOURS STREET, SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

## SIXTH CAUSE OF ACTION

### Wrongful Termination

### (As to UPS)

100.    PLAINTIFF incorporates by reference, repeats and realleges, all preceding and subsequent paragraphs.

101.    The decision to terminate PLAINTIFF was based, at least in substantial part, on PLAINTIFF's race and PLAINTIFF's complaints regarding abusive conduct and disparate treatment.

102.    At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code § 12940 was and is to prohibit employers from harassing, discriminating and retaliating against any individual based on, among other things, their race, opposing abusive conduct and upon exercise of rights under that Section. This public policy is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of UPS, and each of them, in discriminating, retaliating and terminating PLAINTIFF on the grounds stated above was wrongful and in contravention and violation of the express public policy of the State of California and the laws and regulation promulgated thereunder.

103.    As set forth in *Labor Code* §98.6, it is unlawful for an employee to discharge an employee for making a complaint about conduct relating to his rights under the *Labor Code*.

104.    § 1102.5 of the *Labor Code* has been interpreted to recognize a fundamental public policy prohibiting an employer from discharging an employee who reasonably and in good faith lodges a report inside or outside of the employer respecting a suspected violation of statutes or regulations of public importance. It is unlawful for an employer to retaliate and/or discharge an employee for performing a statutory obligation or for refusing to violate a statute.

105.    It is unlawful for an employer to retaliate and/or discharge an employee for internal disclosure of "illegal, unethical or unsafe practices" which affect the public at large, not merely the employer.

106.    PLAINTIFF was retaliated against, and ultimately discharged, in violation of public

1 policy.

2     107.  In so doing, said managing agents and/or officers of UPS acted with oppression,
3 fraud and malice, as those terms are used in California Civil Code § 3294. As such, PLAINTIFF is
4 entitled to an award of punitive damages.

5     108.  As a proximate result of the aforesaid acts, PLAINTIFF lost, and will continue to
6 lose, substantial earnings, promotional opportunities, fringe benefits and have suffered and/or will
7 suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial
8 in excess of the jurisdictional minimum of this Court.

9     109.  As a proximate result of the foregoing, PLAINTIFF has become mentally upset,
10 distressed, embarrassed, humiliated, and aggravated in a sum in excess of the jurisdictional
11 minimum of this Court.

12 **SEVENTH CAUSE OF ACTION**

13 **Negligent Hiring, Retention and Supervision**

14 **(As to UPS)**

15     110.  PLAINTIFF incorporates by reference, repeats and re-alleges, all preceding and
16 subsequent paragraphs.

17     111.  PLAINTIFF is informed and believe and thereon alleges that at all times relevant
18 herein that Defendant UPS knew or should have known through reasonable inspection of Defendant
19 KOCHEK's propensity for abusive conduct, bullying, discrimination and hostility directed at other
20 employees, including PLAINTIFF.

21     112.  Defendant UPS had a duty to PLAINTIFF to not hire or retain Defendant KOCHEK
22 given his propensities to bully, engage in abusive conduct, discrimination, harassment and to create
23 a hostile work environment, and to provide reasonable supervision of Defendant KOCHEK.

24     113.  Defendant UPS negligently hired, retained and/or supervised Defendant KOCHEK
25 in his position with the company wherein Defendant KOCHEK's conduct could harm employees,
26 including PLAINTIFF. Further, Defendant UPS failed to provide reasonable supervision of
27 Defendant KOCHEK despite knowing his propensities for the aforementioned conduct and
28 complaints made against him.

-20-
**PLAINTIFF'S COMPLAINT**

114.   As a direct and proximate result of Defendant UPS' aforementioned actions and omissions, PLAINTIFF has suffered, and will continue to suffer physical, emotional and economic harms herein alleged.

115.   PLAINTIFF has incurred and continue to incur legal expenses and attorneys' fees. PLAINTIFF will seek the recovery of his attorneys' fees and costs at the conclusion of this lawsuit.

## EIGHTH CAUSE OF ACTION

### Aiding and Abetting in Violation of FEHA

### (As to UPS)

116.   PLAINTIFF incorporates by reference, repeats and re-alleges, all preceding and subsequent paragraphs.

117.   At all relevant times mentioned herein, California Government Code § 12940 et seq. was in effect and binding against UPS.  California Government Code § 12940(i) makes it unlawful for any person to "aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under [the FEHA], or to attempt to do so." UPS violated this provision by, among other things, ratifying the severe and pervasive harassment, discrimination, abusive conduct and bullying complained of herein. The conduct alleged herein constituted more than a failure to act, it constituted an active cover-up of both KOCHEK's conduct, who is a known and serial harasser.

118.   UPS violated this provision by, among other things, allowing KOCHEK – a known serial harasser – to harass, discriminate against, engage in abusive conduct and hostility with PLAINTIFF; failing to investigate and/or take seriously PLAINTIFF's complaints of harassment, discrimination and abusive conduct; failing to adequately discipline KOCHEK for harassing, discriminating against, engaging in abusive conduct and open hostility against PLAINTIFF; failing to have in place efficient policies prohibiting harassment, discrimination, abusive conduct and hostile work environment; failing to enforce anti-racial harassment policies; allowing KOCHEK to treat PLAINTIFF in a demeaning, dehumanizing fashion.

119.   UPS further violated this provision by failing to stop, prevent and actively engaging in a cover-up of KOCHEK's harassment, discrimination and abusive conduct of PLAINTIFF. At all relevant times, UPS knew or should have known that KOCHEK was a known and serial harasser.

VALIANT LAW
4159 CONCOURS STREET, SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

1  By failing to stop, prevent, and by covering-up KOCHEK's harassment, discrimination and abusive

2  conduct, UPS assisted and abetted harassment, discrimination and abusive conduct; aided KOCHEK

3  to continue to harass, discriminate against and engage in abusive conduct against PLAINTIFF; aided

4  KOCHEK to treat PLAINTIFF in a dehumanizing fashion; and encouraged or substantially assisted

5  KOCHEK in harassing, discriminating against and engaging in abusive conduct against

6  PLAINTIFF.

7       120.   PLAINTIFF was subjected to abusive conduct within the meaning of California

8  Government Code section 12950.1(g)(2). "Abusive conduct" is defined to mean "conduct of an

9  employer or employee in the workplace, with malice, that a reasonable person would find hostile,

10  offensive, and unrelated to an employer's legitimate business interests." Cal. Gov. Code § 12950.1.

11  The conduct by UPS as alleged herein, is severe and egregious, especially given that it knew or

12  should have known of KOCHEK's underlying motivating factors for perpetrating harassment,

13  discrimination and abusive conduct.

14       121.   As a proximate result of UPS' conduct as alleged herein, PLAINTIFF has sustained

15  and continue to sustain losses in earnings and other employment benefits.

16       122.   As a proximate result of UPS' conduct as alleged herein, PLAINTIFF has sustained

17  and continue to suffer emotional distress, mental and physical pain, anguish, pain and suffering, loss

18  of sleep, loss of appetite, anxiety, depression and shame.

19       123.   UPS' conduct alleged herein were substantial factors in causing PLAINTIFF's harm.

20       124.   In so doing, the managing agents and/or officers of UPS, inclusive, acted with

21  oppression, fraud and malice, as those terms are used in California Civil Code § 3294. As such,

22  PLAINTIFF is entitled to an award of punitive damages.

23       125.   As a direct and proximate result of the aforementioned actions and omissions,

24  PLAINTIFF has suffered, and will continue to suffer physical, emotional and economic harms

25  herein alleged.

26       126.   PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees.

27  PLAINTIFF will seek the recovery of their attorneys' fees and costs at the conclusion of this lawsuit.

28

VALIANT LAW
4150 CONCOURS STREET, SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

## NINTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (As to all DEFENDANTS)

127.    PLAINTIFF incorporates by reference, repeats and realleges, all preceding and subsequent paragraphs.

128.    DEFENDANTS engaged in intentional and outrageous conduct as alleged in this Complaint, to PLAINTIFF's detriment.

129.    DEFENDANTS knew that the conduct was unlawful and condoned the illegal activity by permitting it to occur in the workplace. DEFENDANTS, and each of them, knew that such conduct would cause direct and immediate emotional harm to PLAINTIFF and they did nothing to remedy the situation.

130.    DEFENDANTS, and each of them, subjected PLAINTIFF to verbal attacks, harassment, a hostile work environment, discrimination, retaliation and wrongful termination. DEFENDANTS engaged in these unlawful actions with the specific intent to deprive PLAINTIFF of his peace of mind and with reckless disregard for his well-being.

131.    DEFENDANTS knew or should have known that the verbal attacks, harassment, hostile work environment, discrimination, bullying, and retaliatory conduct perpetrated by DEFENDANTS, and each of them, was unlawful and designed to cause harm to PLAINTIFF. Each of these acts and certainly all of them together, resulted in PLAINTIFF suffering severe and extreme emotional distress.

132.    As a proximate result of DEFENDANTS' unlawful conduct, PLAINTIFF suffered and will continue to suffer economic loss or disadvantage and emotional distress, including but not limited to, fatigue, depression, a general decline in health, sustained and prolonged pain and suffering, anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish. PLAINTIFF is accordingly entitled to exemplary, general and compensatory damages and attorney's fees in amounts to be proven at trial.

133.    PLAINTIFF seeks an award of general damages, special damages, exemplary damages, costs and damages in excess of the jurisdictional minimum of this Court.

VALIANT LAW
4150 CONCOURS STREET, SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

VALIANT LAW
4150 CONCOURS STREET, SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

**TENTH CAUSE OF ACTION**

**Negligent Infliction of Emotional Distress**

**(As to all DEFENDANTS)**

134.    PLAINTIFF incorporates by reference, repeats and realleges, all preceding and subsequent paragraphs.

135.    DEFENDANTS engaged in negligent and careless conduct as alleged in this Complaint, to PLAINTIFF's detriment.

136.    DEFENDANTS, and each of them, knew or should have known that such conduct would cause direct and immediate emotional harm to PLAINTIFF and they so negligently ran the employment environment that it did in fact cause PLAINTIFF such harm.

137.    DEFENDANTS, and each of them, subjected PLAINTIFF to verbal attacks, harassment, hostile work environment, discrimination, retaliation and wrongful termination. DEFENDANTS engaged in these actions with negligent disregard for PLAINTIFF's well-being.

138.    DEFENDANTS knew or should have known that the verbal attacks, harassment, hostile work environment, discrimination, and retaliatory conduct perpetrated by DEFENDANTS, and each of them, was likely to cause harm to PLAINTIFF. Each of these acts and certainly all of them together, resulted in PLAINTIFF suffering severe and extreme emotional distress.

139.    As a proximate result of DEFENDANTS' conduct, PLAINTIFF suffered and will continue to suffer economic loss or disadvantage and emotional distress, including but not limited to, fatigue, depression, a general decline in health, sustained and prolonged pain and suffering, anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish. PLAINTIFF is accordingly entitled to exemplary, general and compensatory damages and attorney's fees in amounts to be proven at trial.

140.    PLAINTIFF seeks an award of general damages, special damages, exemplary damages, costs and damages in excess of the jurisdictional minimum of this Court.

VALIANT LAW
4150 CONCOURS STREET, SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909.677.2270 ● FAX 909.677.2290

**JURY TRIAL DEMANDED**

141.  PLAINTIFF demands a jury as to all causes of action and prayer for relief.

**PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS, and each of them, as follows:

1.  For economic damages according to proof, but no less than $1,000,000;

2.  For compensatory non-economic damages according to proof, but no less than $500,000;

3.  For liquidated damages;

4.  For civil penalties;

6.  For special damages according to proof;

7.  For punitive damages where allowed by law;

8.  For pre and post judgment interest pursuant to California Civil Code § 3287 and/or California Civil Code § 3288 and/or any other provision of law providing for pre and post judgment interest;

9.  For attorneys' fees where allowed by law;

10. For injunctive relief;

11. For costs of suit incurred herein; and

12. For such other and further relief as this Court deems just and proper.

DATED: June 21, 2018                    VALIANT LAW


By: _____
    KAMRAN SHAHABI
    Attorneys for Plaintiff
    CHRISTOPHER WILLIAMS

# Exhibit A.



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

August 02, 2017

Sidney Santos
8885 Haven Avenue, Suite 170
Rancho Cucamonga California 91730

RE: **Notice to Complainant or Complainant's Attorney**
DFEH Matter Number: 897199-303932
Right to Sue: Williams / United Parcel Services, Inc.

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue. Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer. You or your attorney must serve the complaint. If you do not have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                          GOVERNOR EDMUND G. BROWN JR.
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                        DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

August 02, 2017

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 897199-303932
Right to Sue: Williams / United Parcel Services, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                                GOVERNOR EDMUND G. BROWN JR.
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                                  DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

August 02, 2017

Christopher Williams
8885 Haven Avenue, Suite 170
Rancho Cucamonga, California 91730

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 897199-303932
Right to Sue: Williams / United Parcel Services, Inc.

Dear Christopher Williams,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective August 02, 2017 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                              GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Enclosures

cc:

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**

**BEFORE THE STATE OF CALIFORNIA**

**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

In the Matter of the Complaint of                    DFEH No. 897199-303932
Christopher Williams, Complainant.
8885 Haven Avenue, Suite 170
Rancho Cucamonga, California 91730

vs.

United Parcel Services, Inc., Respondent.
55 Glenlake Parkway NE
Atlanta, Georgia 30328

Complainant alleges:

1. Respondent **United Parcel Services, Inc.** is a subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes respondent is subject to the FEHA.

2. On or around **September 27, 2016**, complainant alleges that respondent took the following adverse actions against complainant: **Discrimination, Harassment, Retaliation Terminated,** .   Complainant believes respondent committed these actions because of their: **Race** .

3. Complainant **Christopher Williams** resides in the City of **Rancho Cucamonga**, State of **California**. If complaint includes co-respondents please see below.

DFEH 902-1

-5-
*Complaint ± DFEH No. 897199-303932*

Date Filed: August 02, 2017

**Additional Complaint Details:**

Mr. Williams complained about a supervisors actions and race discrimination. UPS retaliated and terminated Mr. Williams for making such complaint.

DFEH 902-1

-6-

*Complaint ±DFEH No. 897199-303932*

Date Filed: August 02, 2017

1

## VERIFICATION

2  I, **Raymond Babaian,** am the Attorney for Complainant in the above-entitled
complaint. I have read the foregoing complaint and know the contents thereof. The
3  same is true of my own knowledge, except as to those matters which are therein
alleged on information and belief, and as to those matters, I believe it to be true.
4

5  On August 02, 2017, I declare under penalty of perjury under the laws of the State of
California that the foregoing is true and correct.

6

7                                                        **Rancho Cucamonga, CA**
                                                        **Raymond Babaian**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

DFEH 902-1

-7-
*Complaint ± DFEH No. 897199-303932*

Date Filed: August 02, 2017

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Kamran Shahabi, (SBN 276194)<br>VALIANT LAW<br>4150 Concours Street, Suite 260, Ontario, CA 91764<br>Ontario, CA 91764<br>TELEPHONE NO.: 909.677.2270     FAX NO.: 909.677.2290<br>ATTORNEY FOR (Name): Plaintiff, Christopher Williams | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court Of California<br><br>JUN 22 2018<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Cristina Grijalva, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Williams v. United Parcel Service, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC711210 |
|---|---|---|---|---|
| [✔] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[✔] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✔] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve                 in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✔] monetary   b. [✔] nonmonetary; declaratory or injunctive relief   c. [✔] punitive
4. Number of causes of action (specify): 10
5. This case [ ] is [✔] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 21, 2018
Kamran Shahabi, Esq.
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

COPY

BC 7 1 1 2 1 0

| SHORT TITLE Williams v. United Parcel Service, Inc., et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Auto Tort** | | |
| Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | | |
| Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Williams v. United Parcel Service, Inc., et al. | | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE Williams v. United Parcel Service, Inc., et al. | CASE NUMBER |
|---|---|

| | A. Civil Case Cover Sheet Category No. | B. Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Williams v. United Parcel Service, Inc., et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☐ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: 1800 N. Main Street Los Angeles, CA 90031 |
|---|---|
| **CITY.** Los Angeles | **STATE.** CA  **ZIP CODE:** 90031 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __Central Justice Center__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: __June 21, 2018__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE - IC**

Case Number _____      BC711210

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

Your case is assigned for all purposes to the judicial officer indicated below.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|
| Hon. Debre K. Weintraub | 1 | 534 | | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Barbara A. Meiers | 12 | 636 | | Hon. Deirdre Hill | 49 | 509 |
| Hon. Terry A. Green | 14 | 300 | | Hon. Teresa A. Beaudet | 50 | 508 |
| Hon. Richard Fruin | 15 | 307 | | Hon. Michael J. Raphael | 51 | 511 |
| Hon. Rita Miller | 16 | 306 | | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Howard L. Halm | 53 | 513 |
| Hon. Stephanie Bowick | 19 | 311 | | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Dalila Corral Lyons | 20 | 310 | | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Holly J. Fujie | 56 | 514 |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. John P. Doyle | 58 | 516 |
| | | | | Hon. Steven J. Kleifield | 57 | 517 |
| Hon. Barbara Scheper | 30 | 400 | | Hon. Gregory Keosian | 61 | 732 |
| Hon. Samantha Jessner | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 |
| Hon. Daniel S. Murphy | 32 | 406 | | Hon. Mark Mooney | 68 | 617 |
| Hon. Michael P. Linfield | 34 | 408 | | Hon. William F. Fahey | 69 | 621 |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Monica Bachner | 71 | 729 |
| Hon. David S. Cunningham | 37 | 413 | | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Rafael Ongkeko | 73 | 733 |
| Hon. Elizabeth Feffer | 39 | 415 | | Hon. Michelle Williams Court | 74 | 735 |
| Hon. David Sotelo | 40 | 414 | | Hon. Gail Ruderman Feuer | 78 | 730 |
| Hon. Holly E. Kendig | 42 | 416 | | | | |
| Hon. Mel Red Recana | 45 | 529 | | | | |
| Hon. Randolph Hammock | 47 | 507 | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____ (Date) JUN 2 2 2018

SHERRI R. CARTER, Executive Officer/Clerk of Court

By _____, Deputy Clerk

LACIV 190 (Rev 12/17)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11

   The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

   *The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

❖**Los Angeles County Bar Association Litigation Section**❖

❖ **Los Angeles County Bar Association
Labor and Employment Law Section**❖

❖**Consumer Attorneys Association of Los Angeles**❖

❖**Southern California Defense Counsel**❖

❖**Association of Business Trial Lawyers**❖

❖**California Employment Lawyers Association**❖

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| COURTHOUSE ADDRESS: |
|---|
| PLAINTIFF: |
| DEFENDANT: |

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

      iii.   Be filed within two (2) court days of receipt of the Request; and

      iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

   c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

   d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

   e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
           (INSERT DATE)                  (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____        ➢ _____
     (TYPE OR PRINT NAME)                    (ATTORNEY FOR PLAINTIFF)
Date:

_____        ➢ _____
     (TYPE OR PRINT NAME)                 (ATTORNEY FOR DEFENDANT)
Date:

_____        ➢ _____
     (TYPE OR PRINT NAME)                 (ATTORNEY FOR DEFENDANT)
Date:

_____        ➢ _____
     (TYPE OR PRINT NAME)                 (ATTORNEY FOR DEFENDANT)
Date:

_____        ➢ _____
     (TYPE OR PRINT NAME)                 (ATTORNEY FOR _____)
Date:

_____        ➢ _____
     (TYPE OR PRINT NAME)                 (ATTORNEY FOR _____)
Date:

_____        ➢ _____
     (TYPE OR PRINT NAME)                 (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

    ☐  Request for Informal Discovery Conference
    ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

---

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____   ➤   _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR PLAINTIFF)

Date:

_____   ➤   _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)

Date:

_____   ➤   _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)

Date:

_____   ➤   _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)

Date:

_____   ➤   _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)

Date:

_____   ➤   _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)

Date:

_____   ➤   _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date:   _____        _____
                                                                              JUDICIAL OFFICER

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**

- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR** - ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- Mediation

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

▫ **Arbitration**

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

▫ **Mandatory Settlement Conference (MSC)**

**Settlement Conferences are appropriate in any case where settlement is an option.** Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program. Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at
http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221